IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VINCENT MARTINEZ<br>　　　Plaintiff, | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. _____ |
| SCOTTSDALE INSURANCE<br>COMPANY<br>　　　Defendant. | §<br>§<br>§<br>§ | |

## NOTICE OF REMOVAL

Defendant Scottsdale Insurance Company ("Defendant") files this Notice of Removal of the above-styled action pursuant to 28 U.S.C. §§ 1446(a) and would respectfully represent and show unto this Court the following:

### A. Introduction

1.  Pursuant to Local Rules 3.1 and 81.1, Defendant files its Civil Cover Sheet (Exhibit "A").

2.  On or about June 23, 2015, Vincent Martinez ("Plaintiff") initiated the state court lawsuit against Defendant in the 298th Judicial District Court of Dallas County, Texas, styled *Vincent Martinez v. Scottsdale Insurance Company*; pending as Cause No. DC-15-07117 ("the state court action"). In the state court action, Plaintiff seeks actual damages for negligence, breach of contract, damages for violation of the Texas Deceptive Trade Practices Act, damages for violations of the Texas Insurance Code, damages for breach of the duty of good faith and fair dealing, damages for breach of fiduciary duty, damages for unfair insurance practices, and damages for intentional and negligent misrepresentation. Further, Plaintiff seeks attorneys' fees, treble damages, exemplary damages and 18% interest. *See Plaintiff's Original Petition*, attached hereto as Exhibit "C".

3. The attorneys involved in the action being removed are listed as follows:

| Party and Party Type | Attorney(s) |
| --- | --- |
| Vincent Martinez - Plaintiff | Bryan Beverly<br>Texas Bar. No. 24012038<br>Bill L. Voss<br>Texas Bar No. 24047043<br>Scott G. Hunziker<br>Texas Bar No. 24032446<br>The Voss Law Center<br>26619 Interstate 45 South<br>The Woodlands, Texas 77380<br>713.861.0015 – phone<br>713.861.0021 – fax<br>bryan@vosslawfirm.com<br>bill.voss@vosslawfirm.com<br>scott@vosslawfirm.com |
| Scottsdale Insurance Company - Defendant | Randall G. Walters<br>Texas Bar No. 20819480<br>Walters, Balido & Crain, L.L.P.<br>Meadow Park Tower<br>10440 N. Central Expy, Suite 1500<br>Dallas, TX 75231<br>Telephone (214) 749-4805<br>Facsimile: (214) 760-1670 |

4. The name and address of the court from which the case is being removed is as follows:

The Honorable Emily G. Tobolowsky
298th Judicial District, Dallas County, Texas
600 Commerce Street, 8th Floor
Dallas, Texas 75202-4604
214-653-6781

### B. Notice of Removal Timely

5. Defendant was served with process and a copy of Plaintiff's suit on July 6, 2015. *See* Exhibit "D". Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty

(30) days after receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. Consequently, this Notice of Removal is timely.

### C. Complete Diversity

6. Pursuant to the state court action, Vincent Martinez is a citizen of the State of Texas, located in Dallas County, Texas.

7. Defendant, Scottsdale Insurance Company, was and is a company organized under the laws of the state of Ohio with its principal place of business in the State of Arizona. Scottsdale is a Citizen of the State of Ohio and Arizona, and was a citizen of these states at the time this action was filed.

8. In light of the foregoing, the parties are of completely diverse citizenship and none of the properly joined defendants is a citizen of the state in which the case is brought. *See* 28 U.S.C. §§ 1332(a), 1441(b).

*Amount in Controversy*

9. Plaintiff's Original Petition alleges actual damages, seeks three times the amount of actual damages, seeks attorneys' fees, interest and exemplary damages. Exhibit "B" at ¶¶ 69-71.

10. In determining the amount in controversy, the court may consider "policy limits ... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at *2-*3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the

Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et al.*, 75 F.Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exchange*, 844 F.Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought, and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

10. Plaintiff's claims are centered on Scottsdale's alleged failure to pay the proceeds of Plaintiff's policy for damages to Plaintiff's property. Plaintiff's total policy limits of insurance on its property greatly exceeds $75,000. Further, Plaintiff, as stated in Plaintiff's Original Petition, seeks damages for violations of the Texas Insurance Code, Texas Deceptive Trade Practices Act, and breach of duty of good faith and fair dealing, as well as pre-judgment interest, post-judgment interest, court costs, attorneys' fees and penalties, including statutory treble damages and exemplary damages.

11. A court can determine that removal is proper from a plaintiff's pleadings if plaintiff's claims are those that are likely to exceed the jurisdictional amount. *See Allen v. R&H Oil & Gas., Co*, 63 F.3d 1326, 1335 (5th Cir. 1995); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993). Only "expenses and costs" are excluded from the calculation of the matter in controversy. 28 U.S.C. § 1332(a). Attorney's fees are an element of the amount in controversy where their recovery is authorized by a statute under which the plaintiff sues. *H&D Tire & Auto. Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000), cert. denied, 534 U.S. 894 (2001).

12. Plaintiff even specifically stated in his Original Petition that he seeks monetary relief of over $100,000. Exhibit "B"; ¶70. Therefore, the amount in controversy in this case exceeds the jurisdictional requirements. *Id.*

### D. All Pleadings of State Court Action Attached As Exhibits

13. Copies of all pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. § 1446(a). *See* Exhibit "C".

### E. Basis for Removal

14. Because this is a civil action of which the District Courts of the United States have original jurisdiction, this case may be removed by this Court pursuant to 28 U.S.C. § 1446(b). Further, because Plaintiff is a citizen and resident of Texas, Defendant is a citizen of Ohio and Arizona; and the amount in controversy exceeds $75,000, the Court has subject matter jurisdiction based on diversity of citizenship and residency. 28 U.S.C. § 1132. As such, this removal action is proper.

### F. Venue

15. Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removed action has been pending.

### G. Filing of Notice with State Court

16. Promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through his attorney of record and to the clerk of the state court.

### H. Defendant's Demand for Jury Trial

17. Plaintiff did not demand a jury trial in his Original Petition. Defendant asserts its rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

PRAYER

18.  WHEREFORE, PREMISES CONSIDERED, Defendant Scottsdale Insurance Company requests that this Court proceed with the handling of this cause as if it had been originally filed herein, that this Court make such orders, if any, and take such action, if any, as may be necessary in connection with the removal of the state court action to this Court, and that they have such other and further relief to which they may show themselves entitled.

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

BY:  */s/ Randall G. Walters*
RANDALL G. WALTERS - 20819480
Meadow Park Tower
10440 N. Central Expy, Suite 1500
Dallas, Texas 75231
214/347-8381 - FAX
214/347-8380 - DIRECT
214/749-4805 - MAIN
Email: randy.walters@wbclawfirm.com
**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that on the ____ day of July, 2015, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Randall G. Walters*
RANDALL G. WALTERS