# EXHIBIT B



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

null / ALL
Transmittal Number: 14011170
Date Processed: 07/14/2015

| | |
|---|---|
| Primary Contact: | Service Process Team 1-30-403<br>Nationwide Insurance<br>One Nationwide Plaza<br>Columbus, OH 43215 |
| Copy of transmittal only provided to: | Kevin Jones<br>Rebecca Lewis<br>Cassandra Struble |

| | |
|---|---|
| Entity: | Scottsdale Insurance Company<br>Entity ID Number 3286058 |
| Entity Served: | Scottsdale Insurance Company |
| Title of Action: | Vincent Martinez vs. Scottsdale Insurance Company |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Contract |
| Court/Agency: | Dallas County District Court, Texas |
| Case/Reference No: | DC-15-07117 |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 07/14/2015 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Bryan Beverly<br>713-861-0015 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

FORM NO. 353-3 - CITATION
THE STATE OF TEXAS

To:

**SCOTTSDALE INSURANCE COMPANY**
**BY SERVING ITS REGISTERED AGENT  CORPORATION SERVICE COMPANY**
**211 EAST 7TH STREET SUITE 620**
**AUSTIN TX  78701**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty   days after you were served this citation and  petition, a default judgment may be
taken against you.  Your answer should be addressed to the clerk of the **298th District Court** at
600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **VINCENT MARTINEZ**

Filed in said Court  **23rd day of June, 2015** against

**SCOTTSDALE INSURANCE COMPANY**

For Suit, said suit being numbered **DC-15-07117,** the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition  **WITH REQ FOR DISCLOSURE,**
**REQ FOR PRODUCTION AND INTERROGATORIES** , a copy of which accompanies
this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 29th day of June, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.

By                                                    , Deputy
DIANNE COFFEY

---

MAIL ATTY

**CITATION**

**DC-15-07117**

**VINCENT MARTINEZ**
vs.
**SCOTTSDALE INSURANCE**
**COMPANY**

ISSUED THIS
**29th day of June, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  DIANNE COFFEY, Deputy

**Attorney for Plaintiff**
**BRYAN BEVERLY**
THE VOSS LAW FIRM PC
THE VOSS LAW CENTER
26619 INTERSTATE 45 SOUTH
THE WOODLANDS TX  77380
713-861-0015

## OFFICER'S RETURN

Case No. : DC-15-07117

Court No.298th District Court

Style: VINCENT MARTINEZ

vs.

SCOTTSDALE INSURANCE COMPANY

Came to hand on the _____ 10th _____ day of _____ July _____, 20 15 , at 9:00 o'clock A .M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

FILED.
DALLAS COUNTY
6/23/2015 2:17:37 PM
FELICIA PITRE
DISTRICT CLERK,

1 CIT/ MATTY (*foskupl*)

DC-15-07117

CAUSE NO. _____

Gay Smith

| | | |
|---|---|---|
| VINCENT MARTINEZ, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| SCOTTSDALE INSURANCE | § | |
| COMPANY, | § | 298TH-M |
| Defendant. | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Vincent Martinez (hereinafter "Plaintiff"), and complains of Scottsdale Insurance Company (hereinafter "Scottsdale"). In support of his claims and causes of action, Plaintiff would respectfully show the Court as follows:

### DISCOVERY LEVEL

1.    Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Dallas, in Dallas County, Texas.

### PARTIES

3.    Plaintiff is an individual whose residence is located in Dallas, Dallas County, Texas.

4.      Defendant Scottsdale is a foreign corporation, duly registered with the Texas

Department of Insurance to do business in Texas, which may be served with process by serving

this Original Petition and a copy of the citation on its Registered Agent, Corporation Service

Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

## BACKGROUND

5.      This matter revolves largely around a first party insurance dispute regarding the

extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at

2111 North Carrol Avenue, Dallas, Texas 75204, (the "Property").   In addition to seeking

economic and penalty based damages from Scottsdale, Plaintiff also seeks compensation from

Scottsdale for damages caused by improperly investigating the extensive losses associated with

this case.

6.      Plaintiff owns the Property.

7.      Prior to the occurrence in question, Plaintiff purchased a residential insurance

policy from Scottsdale to cover the Property at issue in this case for a loss due to storm-related

events.   Plaintiff's Property suffered storm-related damage. Through his residential policy,

HOS1135277, Plaintiff was objectively insured for the subject loss by Defendant.

8.      On or around July 14, 2014, the Property suffered incredible damage due to storm

related conditions.

9.      In the aftermath, Plaintiff relied on Scottsdale to help begin the rebuilding

process.  By and through his residential policy, Plaintiff was objectively insured for the subject

losses in this matter.

10.   Pursuant to his obligation as a policyholder, Plaintiff made complete payment of all residential insurance premiums in a timely fashion.   Moreover, his residential policy covered Plaintiff during the time period in question.

11.   Despite Plaintiff's efforts, Scottsdale continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

12.   Moreover, Scottsdale has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

13.   In the months following, Plaintiff provided information to Scottsdale, as well as provided opportunities for Scottsdale to inspect the Property.   However, Scottsdale failed to conduct a fair investigation into the damage to the Property.   Moreover, Scottsdale failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

14.   Despite Scottsdale's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Scottsdale.   Further, Plaintiff made inquiries regarding the status of the losses, and payments.   Regardless, Scottsdale failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses.   As a result, to this date, Plaintiff has not received proper payment for his claim, even though notification was provided.

15.   Scottsdale has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property.   Scottsdale has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made.

Scottsdale did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16. Scottsdale has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Scottsdale in a timely manner.

17. Scottsdale has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Scottsdale that failed to conduct a reasonable investigation. Ultimately, Scottsdale performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

18. Scottsdale has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

19. As a result of the above issues, Plaintiff did not receive the coverage for which he had originally contracted with Scottsdale. Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20. In addition, Scottsdale has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages. As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

21. All conditions precedent to recovery by Plaintiff has been met or has occurred.

## AGENCY

22.     All acts by Scottsdale were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Scottsdale and/or were completed in its normal and routine course and scope of employment with Scottsdale.

### CLAIMS AGAINST DEFENDANT

23.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

### A.
### NEGLIGENCE

24.     Scottsdale had and owed a legal duty to Plaintiff to properly adjust the structural and property damage and other insurance losses associated with the Property.    Scottsdale breached this duty in a number of ways, including but not limited to the following:

> a.     Scottsdale was to exercise due care in adjusting and paying policy proceeds regarding Plaintiff's Property loss;

> b.     Scottsdale had a duty to competently and completely handle and pay all damages associated with Plaintiff's Property; and/or

> c.     Scottsdale failed to properly complete all adjusting activities associated with Plaintiff.

25.     Scottsdale's acts, omissions, and/or breaches did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

### B.
### BREACH OF CONTRACT

26.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

27.  According to the policy that Plaintiff purchased, Scottsdale had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

28.  As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

29.  Despite objective evidence of such damages, Scottsdale has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

## C.
## VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES ACT AND TIE-IN-STATUTES

30.  Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

31.  Scottsdale's collective actions constitute violations of the DTPA, including but not limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the Texas Business & Commerce Code. Scottsdale collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

a.  Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

b.  Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

c.  Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into

which the consumer would not have entered had such information been disclosed;

d.    Using or employing an act or practice in violation of the Texas Insurance Code;

e.    Unreasonably delaying the investigation, adjustment and resolution of Plaintiff's claim;

f.    Failure to properly investigate Plaintiff's claim; and/or

g.    Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Scottsdale in low-balling and/or denying Plaintiff's damage claim.

32.    As described in this Original Petition, Scottsdale represented to Plaintiff that his insurance policy and Scottsdale's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA.

33.    As described in this Original Petition, Scottsdale represented to Plaintiff that its insurance policy and Scottsdale's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of Section 17.46 (b)(7) of the DTPA.

34.    By representing that Scottsdale would pay the entire amount needed by Plaintiff to repair the damages caused by the storm-related event and then not doing so, Scottsdale has violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

35.    Scottsdale has breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policies.    This breach entitles Plaintiff to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA.

36.     Scottsdale's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Scottsdale's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

37.     Scottsdale's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

38.     Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by Scottsdale to his detriment. As a direct and proximate result of Scottsdale's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the above-described acts, omissions, and failures of Scottsdale are a producing cause of Plaintiff's damages that are described in this Original Petition.

39.     Because Scottsdale's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Scottsdale having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Scottsdale having intentionally committed such conduct.

40.     As a result of Scottsdale's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his

costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show himself to be justly entitled at law and in equity.

## D.
## VIOLATIONS OF TEXAS INSURANCE CODE

41.    Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

42.    Scottsdale's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058).  Specifically, Scottsdale engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

a.    Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

b.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

c.    Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

d.    Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due;

e.    Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or

f.    Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

43.   Plaintiff is the insured or beneficiary of a claim which was apparently valid as a result of the unauthorized acts of Scottsdale, and Plaintiff relied upon these unfair or deceptive acts or practices by Scottsdale to his detriment.  Accordingly, Scottsdale became the insurer of Plaintiff.

44.   As a direct and proximate result of Scottsdale's acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which he now sues.

45.   Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Scottsdale's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Scottsdale having knowingly committed such conduct.  Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Scottsdale having intentionally committed such conduct.

46.   As a result of Scottsdale's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf.  Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

**E.**
## BREACH OF THE COMMON-LAW DUTY
## OF GOOD FAITH AND FAIR DEALING

47.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

48.     By its acts, omissions, failures and conduct, Scottsdale has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

49.     Scottsdale has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Scottsdale knew or should have known that it was reasonably clear that Plaintiff's storm-related claims were covered. These acts, omissions, failures, and conduct by Scottsdale is a proximate cause of Plaintiff's damages.

**F.**
## BREACH OF FIDUCIARY DUTY

50.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

51.     Scottsdale had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiff. As a result, Scottsdale owed a duty of good faith and fair dealing to Plaintiff. Scottsdale breached that fiduciary in that:

      a.     The transaction was not fair and equitable to Plaintiff;

      b.     Scottsdale did not make reasonable use of the confidence that Plaintiff placed upon it;

c.    Scottsdale did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff;

d.    Scottsdale did not place the interests of Plaintiff before its own, and Scottsdale used the advantage of its position to gain a benefit for itself, at Plaintiff's expense;

e.    Scottsdale placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or

f.    Scottsdale did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy.

52.    Scottsdale is liable for Plaintiff's damages for breach of fiduciary duty, as such damages were objectively caused by Scottsdale's conduct.

## G.
## UNFAIR INSURANCE PRACTICES

53.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

54.    Plaintiff has satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct, Scottsdale has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

55.    Such violations include, without limitation, all the conduct described in this Original Petition, plus Scottsdale's failure to properly investigate Plaintiff's claim. Plaintiff also includes Scottsdale's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claims and Scottsdale's failure to pay for the proper repair of Plaintiff's Property, as to which Scottsdale's liability had become reasonably clear.

56.    Additional violations include Scottsdale's hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiff's storm-related damage and related claims.    Plaintiff further includes

Scottsdale's failure to look for coverage and give Plaintiff the benefit of the doubt, as well as Scottsdale's misrepresentations of coverage under the subject insurance policy. Specifically, Scottsdale is also guilty of the following unfair insurance practices:

    a.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

    b.    Engaging in unfair claims settlement practices;

    c.    Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

    d.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims as to which Scottsdale's liability had become reasonably clear;

    e.    Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff;

    f.    Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; and/or

    g.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

57.    Scottsdale has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Scottsdale's conduct as described herein has resulted in Plaintiff's damages that are described in this Original Petition.

## H.
## MISREPRESENTATION

58.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

59.    Scottsdale is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, Scottsdale did not inform Plaintiff of certain exclusions in the policy.  Misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiff who relied on the misrepresentations to his detriment.  As a result, Plaintiff has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees.  Scottsdale is liable for these actual consequential and penalty-based damages.

## I.
## COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION

60.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

61.    Plaintiff would show that Scottsdale perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiff, who relied upon such representations that ultimately resulted in his injuries and damages. Alternatively, Scottsdale fraudulently concealed material facts from Plaintiff, the result of which caused damage to Plaintiff as a result of the storm-related damages.

62.    Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff,  Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

63.    By reason of Plaintiff's reliance on Scottsdale fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this complaint, Plaintiff has suffered actual damages for which he now sues.

64. Plaintiff further alleges that because Scottsdale knew that the misrepresentations made to Plaintiff were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of Scottsdale, and constitute conduct for which the law allows the imposition of exemplary damages.

65. In this regard, Plaintiff will show that he has incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

66. Accordingly, Plaintiff requests that penalty damages be awarded against Scottsdale in a sum in excess of the minimum jurisdictional limits of this Court.

### WAIVER AND ESTOPPEL

67. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

68. Scottsdale has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

### DAMAGES

69. Scottsdale's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

70. More specifically, Plaintiff seeks monetary relief of over $100,000 but not more than $200,000.

### ADDITIONAL DAMAGES & PENALTIES

71. Scottsdale's conduct was committed knowingly and intentionally. Accordingly, Scottsdale is liable for additional damages under the DTPA, section 17.50(b) (1), as well as all

operative provisions of the Texas Insurance Code.  Plaintiff is, thus, clearly entitled to the 18%

damages allowed by the Texas Insurance Code.

## ATTORNEY FEES

72.     In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees

pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and

Remedies Code.

## JURY DEMAND

73.     Plaintiff demands a jury trial and tenders the appropriate fee with this Original

Petition.

## REQUEST FOR DISCLOSURE

74.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Scottsdale

disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l),

and to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

75.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Requests for Production.

  a.     Please produce Scottsdale complete claim files from the home, regional, local
offices, and third party adjusters/adjusting firms regarding the claims that are the
subject of this matter, including copies of the file jackets, "field" files and notes, and
drafts of documents contained in the file for the premises relating to or arising out of
Plaintiff's underlying claim.

  b.     Please produce the underwriting files referring or relating in any way to the
policy at issue in this action, including the file folders in which the underwriting
documents are kept and drafts of all documents in the file.

  c.     Please produce certified copy of the insurance policy pertaining to the claims
involved in this suit.

d.    Please produce the electronic diary, including the electronic and paper notes made by Scottsdale claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

e.    Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claims or the Property, which is the subject of this suit.

f.    Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

g.    Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

h.    Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

i.    Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Scottsdale intends to offer these items into evidence at trial.

## INTERROGATORIES

76.    Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Interrogatories.

a.    Please identify any person Scottsdale expects to call to testify at the time of trial.

b.    Please identify the persons involved in the investigation and handling of Plaintiff's claims for insurance benefits arising from damage relating to the underlying event, claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

c.    If Scottsdale or Scottsdale's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Scottsdale or any of Scottsdale's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

d.    Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Scottsdale's investigation.

e.    Please state the following concerning notice of claims and timing of payment:

    i.    The date and manner in which Scottsdale received notice of the claim;

    ii.    The date and manner in which Scottsdale acknowledged receipt of the claim;

    iii.    The date and manner in which Scottsdale commenced investigation of the claim;

    iv.    The date and manner in which Scottsdale requested from the claimant all items, statements, and forms that Scottsdale reasonably believed, at the time, would be required from the claimant; and

    v.    The date and manner in which Scottsdale notified the claimant in writing of the acceptance or rejection of the claim.

f.    Please identify by date, amount and reason, the insurance proceed payments made by Scottsdale, or on Scottsdale's behalf, to the Plaintiff.

g.    Have Plaintiff's claims for insurance benefits been rejected or denied in full or in part? If so, state the reasons for rejecting/denying the claim.

h.    When was the date Scottsdale anticipated litigation?

i.    Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Scottsdale's document retention policy.

j.    Does Scottsdale contend that the insured premises was damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

k.    Does Scottsdale contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

l.    Does Scottsdale contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual basis for this contention.

m.    How is the performance of the adjuster(s) involved in handling Plaintiff's claims evaluated? State the following:

      i.      what performance measures are used; and

      ii.     describe Scottsdale's bonus or incentive plan for adjusters.

## CONCLUSION

77.     Plaintiff prays that judgment be entered against Scottsdale Insurance Company, and that Plaintiff be awarded all of his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays he be awarded all such relief to which he is due as a result of the acts of Scottsdale Insurance Company, and for all such other relief to which Plaintiff may be justly entitled.

*(Signature block on following page)*

Respectfully submitted,

THE VOSS LAW FIRM, P.C.

/s/ Bryan Beverly
Bill L. Voss
Texas Bar No. 24047043
Scott G. Hunziker
Texas Bar No. 24032446
Bryan Beverly
Texas Bar No. 24082688
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
bill.voss@vosslawfirm.com
scott@vosslawfirm.com
bryan@vosslawfirm.com

**ATTORNEYS FOR PLAINTIFF**

CERTIFIED MAIL

Compass Claims
26619 Interstate 45
Suite 102B
The Woodlands, TX 77380

7014 1820 0000 0800 1202



Scottsdale Insurance Company
c/o Corporation Service Company
211 East 7th Street, Suite 620
Austin, TX 78701