# EXHIBIT C

FILED
DALLAS COUNTY
7/22/2015 3:03:45 PM
FELICIA PITRE
DISTRICT CLERK

Lantz Sandra

CAUSE NO. DC-15-07117

| | | |
|---|---|---|
| VINCENT MARTINEZ<br>    Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | DALLAS COUNTY, TEXAS |
| SCOTTSDALE INSURANCE COMPANY<br>    Defendant. | §<br>§ | 298TH JUDICIAL DISTRICT |

### DEFENDANT SCOTTSDALE INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SCOTTSDALE INSURANCE COMPANY, Defendant in the above styled and numbered cause, and file this, its Original Answer to the Plaintiff's Original Petition, and in support thereof, would respectfully represent and show unto the Court the following:

### I.
### GENERAL DENIAL

1. Subject to and expressly without waiving any conditions, terms, or policy defenses, Defendant asserts a general denial to the material allegations contained in Plaintiff's Original Petition or latest amended Petition as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and demands Plaintiff be required to prove his charges and allegations against Defendant by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas, as well as substantive and procedural laws of the United States, or otherwise, as may be appropriate

## II.
## SPECIFIC DENIALS

2. Defendant specifically denies that it engaged in violations of the Texas Insurance Code or the Texas Deceptive Trade Practices Act, and further denies that it is liable for damages under those statutes or that it is liable for exemplary damages.

## III.
## AFFIRMATIVE DEFENSES

3. Further answering, Defendant asserts with respect to Plaintiff's claim or any potential claim for punitive damages, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practice & Remedies Code §41.002-41.009, including the increased burden of proof.

4. Further answering, under Texas law an insured has a duty to read an insurance policy and is charged with knowledge of its contents. Defendant asserts that any claim which is based upon a misrepresentation, inducement, or reliance on a representation fails as a matter of law, since Plaintiffs are charged with knowledge of the contents of all relevant policies at issue.

5. Further answering, Defendant asserts there is no ambiguity in the contract as there is only one reasonable interpretation. *Am. Mfrs. Mut. Ins. Co. v. Schaefer,* 124 S.W.3d 154, 157 (Tex. 2003).

6. Further answering, Defendant asserts Plaintiff's damages, if any, are limited by the amount set forth in the Policy limitations provisions of the applicable Policy.

7. Defendant would further plead there is no coverage under the policy to the extent that any material misrepresentation or omission was made by an insured in obtaining such policy.

8. Defendant asserts all terms, conditions, provisions, limitations, requirements, and exclusions of the policy. No reference to specific terms, conditions, provisions, limitations, requirements, and exclusions of the policy in this pleading shall be interpreted to limit the generality of the foregoing or of the general provisions referenced in subsequent paragraphs. To the extent the policy provides additional rights, remedies, or options available to Defendant that are not pleaded in this answer, Defendant does not waive its right to invoke such provisions either contractually or by further pleading.

9. Defendant further alleges Plaintiff's claim for pre-judgment interest is limited by the dates and amounts set forth in the following:

- Art. 5069-1.05 § 6, Tex. R. Civ. Stat;
- Chapter 304, Tex. Fin. Code; and
- Chapter 41, Tex. Civ. Prac. & Rem. Code

10. By way of further answer, Defendant made no material misrepresentation to Plaintiff and no false representation to Plaintiff. Accordingly, Plaintiff's cause of action for misrepresentation must necessarily fail. Further answering, Defendant is not liable in whole or in part to Plaintiff for any damages Plaintiff may have suffered, which Defendant denies, because Defendant's actions or inactions were not a producing or proximate cause of damages, injury or loss suffered by Plaintiff.

11. Defendant would assert that the Court should instruct the jury as to whether any recovery sought by the Plaintiff is subject to federal or state income taxes.

12. Further answering, Defendant denies Plaintiff's claim alleging bad faith against Defendant, as a *bona fide* controversy existed and continues to exist concerning the allegedly covered loss and Plaintiff's entitlement to insurance benefits under the Policy. The duty of good faith and fair dealing is not breached by the existence of a *bona fide* controversy.

13. Further answering, Defendant asserts Texas does not recognize a cause of action against an insurer or for common law negligence, common law fraud, misrepresentation or nondisclosure as breach of the duty of good faith and fair dealing is the only common law cause of action against an insurer. *Universe Life Ins. Co. v. Giles,* 881 S.W.2d 44, 53 n. 6 (Tex.App.-Texarkana 1994), aff'd in part, rev'd in part, 950 S.W.2d 48 (Tex.1997).

14. Defendant would further show the underlying claims are not covered under the policy to the extent such claims do not seek damages within the meaning of such policy.

15. Any coverage for the underlying claims to which Plaintiff's current Petition refers may be barred, in whole or in part, by the provisions, terms, exclusions, conditions and limitations applicable to the alleged policy.

16. Defendant *reserves* the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information regarding Plaintiff's claims and upon further investigation as to the provisions, terms and conditions of the policy.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final trial and hearing hereof, that no recovery be had from Defendants, but that Defendant goes hence without day and recover their costs, and for such other and further relief to which Defendant may be justly entitled and will ever pray.

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

BY: /s/*Randall G. Walters*
RANDALL G. WALTERS – 20819480
randy.walters@wbclawfirm.com
Service of Documents:
WaltersEDocsNotifications@wbclawfirm.com
Meadow Park Tower, Suite 1500
10440 North Central Expressway
Dallas, Texas 75231
214/347-8381 – FAX
214/347-8380 – DIRECT
214/749-4805 – MAIN

## CERTIFICATE OF SERVICE

This is to certify that on this 22nd day of July, 2015, a copy of the above and foregoing was served on all counsel of record in accordance with the Texas Rules of Civil Procedure.

/s/*Randall G. Walters*
RANDALL G. WALTERS

DEFENDANT SCOTTSDALE INSURANCE COMPANY'S ORIGINAL ANSWER-PAGE 5